IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| HAROLD COLEMAN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 9:09cv18 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Harold Coleman, proceeding *pro se*, filed this civil action complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Coleman filed this civil action in the form of a habeas corpus application, but did not challenge the legality of his confinement; instead, he complained of an incident in December of 2008 in which he was assaulted by an inmate named Larry Bock, after which he wrote to law enforcement officials but nothing was done.

The Court ordered Coleman to file an amended petition setting out his claims with more factual specificity, and Coleman did file an amended petition; however, this petition neither challenged the legality of his confinement nor discussed the December 2008 incident. Instead, Coleman complains of an incident which occurred in August of 1998, in which he said that he was given the wrong medication at the Bradshaw State Jail medical clinic.

After review of the pleadings, the Magistrate Judge issued a Report on March 10, 2009, recommending that the petition be dismissed. The Magistrate Judge first noted that because Coleman did not challenge the legality of his confinement, habeas corpus relief was improper. The Magistrate Judge further stated that Coleman's lawsuit could not be construed as a civil rights

1

complaint under 42 U.S.C. §1983 because Coleman has three strikes under 28 U.S.C. §1915(g), and has neither paid the full filing fee nor shown that he is in imminent danger of serious bodily injury. The Magistrate Judge thus recommended that the petition be dismissed with prejudice as to its refiling as a habeas corpus petition, but without prejudice as to Coleman's right to refile his claims as a civil rights lawsuit after satisfying the conditions set out in Section 1915(g).

Coleman filed objections, styled as a "motion for report and recommendation," on April 3, 2009. In his objections, he says that he has searched to locate the doctor who told him that he had been given the wrong medication in 1998, and says that he wants the case set for a hearing so that he can settle his claim. Coleman asks that he be allowed to proceed under Section 1983 and that an attorney be appointed to represent him, but makes no mention of the fact that he is barred from proceeding *in forma pauperis* under Section 1915(g) and so his case cannot be construed as a Section 1983 civil rights lawsuit. Coleman's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to its refiling in the form of a habeas corpus petition, but without prejudice as to Coleman's right to refile his claim in the form of a Section 1983 lawsuit after satisfying the conditions set out in 28 U.S.C. §1915(g). Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **April, 2009.**

_____
Ron Clark, United States District Judge